UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Christopher S. Hoehn,                               Case No. 11-51186

    Debtor.                                         Hon. Phillip J. Shefferly
_____/

Dearborn Federal Savings Bank,                      Adversary Proceeding
                                                    No. 11-05937-PJS
    Plaintiff,

v.

Christopher S. Hoehn,

    Defendant.
_____/

### JUDGMENT OF NON-DISCHARGEABLE DEBT

On June 28, 2011, the Plaintiff filed a complaint to determine the non-dischargeability of a debt owing by the Debtor pursuant to § 523(a)(2)(A) of the Bankruptcy Code. The subject debt was a personal guaranty that the Debtor made to the Plaintiff with respect to a loan made by the Plaintiff to a related company of the Debtor. The Plaintiff and the Debtor referred to the loan as the "McIntyre Loan" because it was secured by property located on McIntyre Street.

On February 9, 2012, the Court held a trial of the adversary proceeding. At the conclusion of the trial, the Court found that the Plaintiff had proven all of the elements of § 523(a)(2)(A), and found that the Debtor owes a non-dischargeable debt to the Plaintiff. The Court ruled upon all of the issues in this adversary proceeding, with one exception. The Court did not rule upon the *amount* of the non-dischargeable debt. Instead, the Court entered an order (docket entry no. 22) on

February 9, 2012, requiring the parties to each file a post-trial brief addressing this single issue. The reason why the Court required a post-trial brief on this issue was because of the fact that both the Plaintiff and the Debtor at times during the trial characterized the McIntyre Loan as a "refinance." Based on the description of the McIntyre Loan by the Plaintiff and the Debtor, the Court inquired whether, upon a finding that all of the elements of § 523(a)(2)(A) were present, the amount of the non-dischargeable debt should be determined to be the entire outstanding balance on the McIntyre Loan or only the incremental increase of the McIntyre Loan over and above the original loan that was refinanced by the McIntyre Loan. The Plaintiff and the Debtor each filed a timely post-trial brief. The Court has reviewed those briefs as well as the entire court file and the record made at the trial on February 9, 2012.

Paragraph 29 of the Plaintiff's complaint alleged that the "full balance" of the McIntyre Loan is not dischargeable under § 523(a)(2)(A). The complaint does not state the amount owing. In the joint final pretrial order (docket entry no. 19), the Plaintiff stated that it "claims damages against [the Debtor] in the current approximate amount of $183,152.19[.]" In the same section of the joint final pretrial order, the Debtor denied the Plaintiff's claim for damages and stated that it was "speculative since [the Plaintiff] maintains a perfected unliquidated security interest in the McIntyre Property." At the trial, the only evidence of the amount owing by the Debtor to the Plaintiff consisted of the testimony of Martin L. Heger, Jr., the vice president and chief lending officer for the Plaintiff. Heger testified that the outstanding balance owing by the Debtor to the Plaintiff with respect to the Debtor's personal guaranty of the McIntyre Loan is $92,871.09. Heger explained that this sum includes interest, taxes and attorney fees through December 31, 2011. Heger further explained that

11-05937-pjs    Doc 25    Filed 02/28/12    Entered 02/28/12 12:45:08    Page 2 of 4

this sum is net of the $75,000.00 bid made by the Plaintiff at a foreclosure sale of the McIntyre property. Heger's testimony was unrebutted.

The Court concludes that the amount of the non-dischargeable debt is $92,871.09, which represents the unpaid balance of the McIntyre Loan as of December 31, 2011. There is no evidence in the record to support the Plaintiff's claim for damages in the amount set forth in the joint final pretrial order. There is also no evidence in the record to contradict the testimony of Heger regarding the unpaid balance owing by the Debtor to the Plaintiff. Finally, there is no evidence in the record nor any binding or persuasive legal authority cited by the Debtor to support the Debtor's contention that only the incremental increase in the amount of the McIntyre Loan refinance above the amount of the original loan is non-dischargeable rather than the entire outstanding balance owing on the McIntyre Loan. The majority of the cases cited by the Debtor in his post-trial brief addressed whether a prevailing party has a right to attorney fees. This issue was not previously raised by the Debtor and, in any event, is beyond the single issue that the Court asked the parties to address in their post-trial briefs. The evidence demonstrates that the Plaintiff would not have made the McIntyre Loan but for its justifiable reliance upon the Debtor's misrepresentations. The entire unpaid balance of the McIntyre Loan is non-dischargeable, not just the amount by which this loan exceeds the amount of the original loan that was refinanced. The Plaintiff proved that the entire outstanding balance of the McIntyre Loan is a loss that was proximately caused by the Plaintiff's reliance upon the Debtor's false representations. See In re Rembert, 141 F.3d 277, 280-81 (6th Cir. 1998) (citing Grogan v. Garner, 198 U.S. 279, 291 (1991)) (other citations omitted); Tweedie v. Hermoyian (In re Hermoyian), __ B.R. __, No. 10-5607, 2012 WL 479186, at *16-*18 (Bankr. E.D. Mich. Feb. 14, 2012).

Accordingly, for the reasons set forth (i) on the record at the conclusion of the trial on February 9, 2012; (ii) in the order entered by the Court on February 9, 2012 (docket entry no. 22); and (iii) in this order,

**IT IS HEREBY ORDERED** that judgment is entered in favor of the Plaintiff and against the Debtor, Christopher S. Hoehn, in the amount of $92,871.09, with interest thereon at the applicable judgment rate.

**IT IS FURTHER ORDERED** that this judgment is excepted from the Debtor's discharge in his Chapter 7 bankruptcy case pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

.

**Signed on February 28, 2012**

                                              /s/ Phillip J. Shefferly
                                              **Phillip J. Shefferly**
                                              **United States Bankruptcy Judge**